# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

Estate of Donald Maier,
   by Personal Representative Jeannette Maier, et al.

          v.                Case No. 25-cv-611-LA

Secretary of Wisconsin Department of Corrections
Jared Hoy, et al.

## RULE 26(f) JOINT REPORT

The parties having conferred as is required by F.R.Civ.P. Rule 26, they submit this Joint Report in advance of the preliminary pretrial scheduling conference, scheduled for August 21, 2025, at 11:30 a.m. Plaintiffs will participate through their counsel Jeff Scott Olson whose phone number is 608-283-6001. Defendants will participate through their counsel, Assistant Attorneys General Brandon Flugar and Samir Jaber whose phone number is 608-267-2229.

**1. A brief description of the nature of the case, including a statement regarding the bases of subject matter jurisdiction.**

Donald Maier died on February 22, 2024, while he was an inmate housed in the Restrictive Housing Unit at Waupun Correctional Institution. In this is a civil action

brought pursuant to 42 U.S.C. § 1983 and the Rehabilitation Act, the Plaintiffs assert that his death was caused by the Defendants' lack of accommodation to his mental health disability, as well as by deliberate indifference and/or negligence in ignoring his rapidly and obviously deteriorating physical and mental health while he was in their care.

The Defendants deny any wrongdoing.

**2. Whether the parties contemplate amending the pleadings, by joining parties or for other reasons.**

Counsel for the plaintiffs notes that he usually has the benefit of receipt of open records in advance of filing a complaint of this nature, but in this case, his request for open records was denied. The main source of information from which he was able to craft the Complaint was the criminal complaint in Dodge County cases against several Waupun Correctional Institution employees. Therefore the Plaintiffs anticipate that after the first round of discovery has been completed, which will include production of employees' photos, by which to identify them in the videos, employees' job descriptions, and video tapes of Mr. Maier's interactions with corrections staff during the nine days prior to his death while he was housed on Restricted Housing Unit, they will need to amend the Complaint, possibly to join additional Defendants or possibly to eliminate some persons who are now named as Defendants.

**3.    Any motions which are contemplated at this time.**

The parties propose to file a motion for a protective order so that confidential material can be limited to this litigation and handled under seal if filed with the Court. The parties will jointly prepare a stipulation and present it to the Court for approval.

**4.    Such other matters as may affect the scheduling of this case for final disposition; any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The parties expect the trial to last approximately 7-8 days.

**5.    The possibility of promptly settling or resolving the case.**

The parties agree to explore the possibility of mediation once discovery is well underway and any preliminary motions have been resolved.

**6.    The Parties' Discovery Plan**

**(A) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made?**

As Rule 26(a) is applicable to this case, the parties suggest no changes in the timing, form, or requirement for initial disclosures. The Plaintiffs' initial disclosures have already been made prior to the preliminary pretrial conference. Defendants' initial disclosures will be made 14 days after the preliminary pretrial conference.

**(B) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues?**

The parties anticipate that discovery will be required as to liability under the Plaintiffs' claims, the Defendants' defenses, and damages. Notably, the parties understand that there exists extensive video footage of the nine day period during which Mr. Maier was housed in RHU, which all parties will need access to and time to process.

At this time the parties are not asking the Court to impose any limits on the subjects on which discovery may be undertaken beyond those imposed by the Federal Rules of Civil Procedure.

For discovery documents and all other documents that must be served under Rule 5 of the Federal Rules of Civil Procedure, the parties agree that service by electronic means shall be allowed as set forth in Rule 5(b)(2)(E) and that electronic service shall be complete upon transmission. The parties agree that electronically served documents that require a line-by-line response (such as interrogatories, requests for admissions, and proposed findings of fact) shall also be provided to opposing counsel in editable format.

**(C) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced?**

The parties contemplate that discovery will include easily accessible and inexpensive requests for electronically stored information, such as of e-mails relating to the incidents that

4

Case 2:25-cv-00611-LA    Filed 08/08/25    Page 4 of 10    Document 20

are the subject of this action. Electronically stored information will be produced in native format as used in the usual course of business or as set forth below. The parties have been instructed of their duty to preserve evidence. At this time, the parties do not anticipate any disputes regarding the production of ESI, and agree to make good-faith efforts to resolve any ESI-related issues, including those listed in Federal Rule of Civil Procedure 26(f)(3)(C) and Civil Local Rule 26(a), before raising such issues with the Court.

Pursuant to Rule 26(f)(3)(C), the parties acknowledge their duty to preserve electronically stored information (ESI) and the computers, cell phones and other electronic devices on which the ESI is stored.

Pursuant to Fed. R. Civ. P. 26(f)(3)(C), the parties have preliminarily discussed issues relating to the discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced. The following categories of ESI may contain information relevant to issues in the case to the best of the parties' knowledge at this time: electronically stored information contained on personal and business desktop computers, personal and business laptop computers, external hard drives, flash drives, external devices, tablets, cellular phones, and PDAs.

The parameters below are subject to the technological limitations of the parties, may require conferral between the parties, and are intended as a general statement of the parties' agreement that they will follow the discovery rules governing the production of ESI:

The responding party shall produce ESI to the extent required by Rule 26(b)(2)(B)

of the Federal Rules of Civil Procedure. To the extent possible (unless produced in native electronic form with metadata intact), ESI shall be produced as load files of TIFFs with searchable, extractable text with the parent-child relationships kept intact (e.g., an email message shall remain connected with its attachments), except that Excel files, other large spreadsheets, media files, and documents incorporating tracked changes shall be produced in native format (along with applicable metadata fields). The parties will make reasonable efforts to ensure that documents produced in native form are decrypted (or that passwords are supplied), but the parties have no duty to identify encrypted documents prior to production.

The parties agree that if the responding party objects to the production of ESI in its native format, the parties will confer and attempt to reach agreement on its production. The parties anticipate that if the parties cannot agree, any party may ask the Court for assistance in resolving the issue.

Further, and again except where produced in native electronic format with metadata intact, the parties agree that at least the following metadata fields shall be produced for emails, if available: custodian, sender, recipient(s) (including to, cc, and bcc fields), subject, date sent, parent/child identification for any attachments, beginning and ending Bates numbers of the first document in an attachment range, path and file name to produced native file, date created, date modified, and MD5 hash value. The parties agree to discuss the extent to which additional metadata fields may be produced. The parties agree that the following metadata fields shall be produced for all other ESI, if available: author, custodian,

title, date created, date(s) modified, and date last edited.

Each party shall make a reasonable effort to produce only a single copy of a responsive document. If using litigation software, and it is practicable to do so, a party shall de-duplicate responsive ESI.

To the extent any additional issues arise with respect to ESI discovery, the parties shall cooperate and work together in good faith to reach an agreement. The parties do not waive their right to object to any specific discovery request concerning ESI, nor do they confirm that particular ESI is still available for the time period specified.

> **(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rules of Evidence 502.**

The parties agree that Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 will govern unintended disclosure of privileged information. Any party may notify another party of unintended disclosure of privileged information by email to the party's attorney.

Any privilege logs will be served simultaneously with the written response and/or objections to the document production. The parties agree to abide by the Federal Rules of Civil Procedure, Federal Rules of Evidence, Civil Local Rules, and case law interpreting those rules as they apply to asserting claims of privilege or protecting trial preparation materials. A privilege log will be required should either party claim

7

privilege or protection under the aforementioned rules. The parties agree to good-faith efforts to resolve any disputes over claims of confidentiality, privilege, and/or protection before submitting any such disputes to the Court for resolution by Order.

**(E) Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)?**

There are no additional issues under consideration at this time.

**The parties certify that they have conferred about all the matters contained herein.**

Dated this 8th day of August, 2025

Respectfully submitted on behalf of

Estate of Donald Maier, by Personal Representative Jeannette Maier, and Jeanette Maier, Plaintiffs

By

ATTORNEYS FOR PLAINTIFF
THE JEFF SCOTT OLSON LAW FIRM, S. C.
Jeff Scott Olson
State Bar Number 1016284
Andrea J. Farrell
State Bar Number 1064773
1025 Quinn Drive, Suite 500
Waunakee, Wisconsin 53597
Phone  (608) 283-6001

8

Fax  (608) 283-0945
Email  JSOlson@scofflaw.com

/s/ Jeff Scott Olson
_____

Jeff Scott Olson

Respectfully submitted on behalf of

Secretary of Wisconsin Department of Corrections
Jared Hoy, in his official capacity,
Randall Hepp, Bradley Mlodzik,
Yana Pusich, Kelsey Stone,
Michael Lueneburg, Joel Sankey,
Jenny Vaillancourt, Bradley Lewin,
Carlee Martin, Nathan Shreve, Scott Kinnard,
Melissa Tempski, Jamall Russell,
Maria Gomez-Sena, Sarah Ann Ransbottom,
Kayla Meedema, Alexander Hollfelder,
Jessica Hosfelt, Devyn Urban, Aimee Marshall,
Eric Henrichs, Lajuan Lewis, Brian Taplin,
Jaime Engstrom, Aaron Arzenhofer,
Brandon Fisher, Guillermo Avila,
Leopoldo Escorza, Dustin Fay,
Robert McGuinness, Karisa Smits, and
Jeramie Chalker,

Defendants,

By

ATTORNEYS FOR DEFENDANTS
Attorney General Josh Kaul
Assistant Attorney General Brandon T. Flugaur
State Bar No. 1074305
Assistant Attorney General Samir Jaber
State Bar No. 1076522

9

State of Wisconsin Department of Justice
Division of Legal Services
17 West Main Street, PO Box 7857
Madison, WI 53707-7857
Phone: 608-267-2229
Fax: 608-294-2907

/s/ Samir Jaber
_____
Samir Jaber